131 F.3d 149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Darla Sue CAREY, Defendant-Appellant.
 No. 97-30084.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 21, 1997.**
 
 Appeal from the United States District Court for the District of Montana; D.C. No. CR-96-00001-1-CCL; Charles C. Lovell, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Darla Sue Carey appeals her 37-month sentence imposed following her guilty plea conviction for conspiracy to possess with intent to distribute and to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's interpretation of the Sentencing Guidelines. See United States v. Robinson, 94 F.3d 1325, 1327 (9th Cir.1996). We review for clear error the factual findings underlying the sentencing decisions. See id.
 
 A. Amount of Methamphetamine
 
 4
 Carey contends that the district court erred by finding that she was responsible for more than 400 grams of methamphetamine for purposes of calculating her sentence.
 
 
 5
 At sentencing, the district court found that Carey participated in a transaction for 49.9 grams of methamphetamine without any of her cc-conspirators. Because Carey is personally responsible for 49.9 grams of methamphetamine in addition to the 400 grams of methamphetamine involved in the conspiracy, the district court did not clearly err by finding Carey responsible for more than 400 grams of methamphetamine. See id.
 
 
 6
 B. Application of the "Safety Valve" Provision
 
 
 7
 Carey contends that the district court improperly arrived at her sentence by failing to apply the "safety valve" provision pursuant to U.S.S.G. § 5C1.2.
 
 
 8
 "The district court ... must provide reasons for agreeing or refusing to apply section 5C1.2 at the time of sentencing." United States v. Real-Hernandez, 90 F.3d 356, 360 (9th Cir.1996). At sentencing, the court calculated Carey's offense level at 25, and the applicable guideline range at 57 to 71 months. Because the district court departed 20 months from the applicable Guideline range and sentenced Carey to 37 months, stating that it had considered all factors, we find that the district court applied the safety valve provision and sentenced Carey accordingly. See id.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3